399 So.2d 790 (1981)
GUARANTY BANK & TRUST COMPANY OF ALEXANDRIA, Louisiana, Plaintiff-Appellant,
v.
Billy W. DANIELS, Defendant-Appellee.
No. 8245.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
Provosty, Sadler & deLaunay, LeDoux R. Provosty, Jr., Alexandria, for plaintiff-appellant.
Voelker, Ragland, Brackin & Crigler, Charles R. Brackin, Lake Providence, for intervenor-appellee.
Gold, Little, Simon, Weems & Bruser, Donald Sharp, Alexandria, for defendant-appellee.
Before SWIFT, STOKER and DOUCET, JJ.
DOUCET, Judge.
Plaintiff, Guaranty Bank & Trust Company of Alexandria, Louisiana, brought this suit to recover money due on six promissory notes executed by defendant, Billy W. Daniels. The notes were secured by a pledge of a soybean crop produced by defendant on land that he leased from James Domengeaux, Bob F. Wright and G. L. Dozier, d/b/a Meade Plantation.
Plaintiff obtained a writ of sequestration, pursuant to which it seized approximately 18,000 bushels of soybeans that were stored in the Alexandria Mill & Grain Elevator, Inc. in the names of the landowners. The landowners intervened, claiming ownership of the soybeans free of any crop lien in favor of plaintiff. Prior to trial, the soybeans *791 were sold pursuant to a joint motion by all of the parties, and the proceeds were retained by the Sheriff of Rapides Parish and deposited in an interest bearing bank account.
Following a trial on the merits, a default judgment was rendered in favor of plaintiff and against defendant. Judgment was also rendered in favor of the intervenors, recognizing their ownership of the soybeans that were seized, dissolving the writ of sequestration, and ordering the Sheriff of Rapides Parish to surrender to them the funds derived from the sale of the soybeans together with the accumulated interest. From that judgment, plaintiff appeals.
The only issue on appeal is whether the trial court erred in finding that the soybeans were owned by the intervenors.
The parties agree that the resolution of this issue hinges on the interpretation to be given to the following provision of the lease entered into by defendant and the intervenors:
"LESSEE agrees to pay LESSOR a total rental of Twenty-five (25%) of all the crop or $150,000.00 whichever is more."
The intervenors contend that under this provision, defendant was required to deliver 25% of the crop to them, and that in the event that 25% of the crop was not valued at $150,000.00, defendant was obligated to make up the difference. They further argue that under the above provision and LSA-R.S. 9:3204[1], they were at all pertinent times the owners of the soybeans that were seized by plaintiff[2].
Plaintiff, on the other hand, contends that under the above provision of the lease, defendant was required to pay the intervenors $150,000.00 or 25% of the proceeds from the sale of the crop, whichever amount was greater. It argues that LSA-R.S. 9:3204 is inapplicable because defendant's obligation in either case was to pay a sum of money, and not to deliver a portion of the crop.
We find that the lease, when read in its entirety, clearly supports the construction urged by the intervenors. In a later paragraph, the lease provides:
"LESSOR and LESSEE specifically agree that LESSEE shall not in any way encumber, mortgage, or place a crop lien on the Twenty-five (25%) percent of the crop due LESSOR. Further, LESSOR shall be entitled to sell his Twenty-five (25%) percent at any time LESSOR desires after the crop has been delivered to the elevator, should LESSEE desire to wait (delay) on the sale in expectation of higher commodity prices. Should LESSOR elect to sell its 25% percent of the crop, then LESSOR and LESSEE (elevator) shall pay LESSOR at that time without waiting until the sale of LESSEE'S portion of the crop."
In view of the language, we find plaintiff's position untenable. We conclude, as did the trial judge, that the intervenors owned the soybeans that were seized by plaintiff.
We note that plaintiff argues alternatively that even if the intervenors owned the soybeans, it acquired a superior right to them by virtue of the fact that its crop pledge was recorded, while the lease was not. This argument overlooks the fact that the intervenors do not have to rely on the lease in order to establish their ownership of the soybeans insofar as third persons are concerned. If the lease were deemed to be ineffective, the intervenors would be considered the owners of the entire crop under the general rules of accession. LSA-C.C. Articles 483 and 485. Furthermore, plaintiff *792 could not by recording the pledge acquire any greater rights than defendant could lawfully convey to it. Defendant could not lawfully pledge the intervenor's portion of the crop without their consent. LSA-C.C. Arts. 3145 and 3146. Since defendant clearly did not have their consent, the pledge could only affect the part of the crop that defendant owned.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] LSA-R.S. 9:3204 provides:

"In a lease of land for part of the crop, that part which the lessor is to receive is considered at all times the property of the lessor.
"The lessee or any person acting with his consent who sells or disposes of the part of the crop belonging to the lessor shall be fined not more than one thousand dollars, or imprisoned for not more than one year, or both."
[2] Although it was not specifically mentioned in his written reasons, the trial judge apparently found that the beans that were seized constituted 25% of the total crop. That finding, which is supported by testimony in the record, has not been challenged on appeal.